UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAWFEEQ ALMOAYED BUILDING CO., W.L.L. and ABDULLA ALMOAYED,<br><br>         Plaintiffs,<br><br>– against –<br><br>SITE DEVELOPMENT GROUP, INC.,<br><br>         Defendant. | Case No.:<br><br>**COMPLAINT** |

## COMPLAINT

1. Plaintiffs Tawfeeq Almoayed Building Co., W.L.L. ("TAB") and Abdulla Almoayed (collectively, "Plaintiffs"), by and through its undersigned counsel, for its complaint against Defendant Site Development Group, Inc. ("SDG" or "Defendant") alleges as follows:

### PRELIMINARY STATEMENT

2. In 2019 and 2020, TAB and Almoayed each entered into one or more agreements with Defendant SDG (collectively, the "Agreements").

3. Plaintiffs collectively invested a total of $3,400,000 in investments managed by SDG, in return for SDG's promise to repay the investments with interest.

4. Each Agreement was accompanied by a promissory note signed on behalf of SDG.

5. SDG has not met its payment obligations under the Agreements.

6. Accordingly, Plaintiffs bring this suit to enforce SDG's obligations under the Agreements and to prevent SDG from being unjustly enriched at the expense of Plaintiffs.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2)

because the amount in controversy exceeds $75,000 and is between citizens of a foreign state and a citizen of a State. As stated below, Plaintiffs are both citizens of the Kingdom of Bahrain, while Defendant is a citizen of Delaware and California.

8. This District is the proper venue for this action pursuant to Section 9.11. of each of the Agreements ("FORUM"), which states that:

> EACH OF THE BORROWER AND LENDER CONSENTS TO THE EXERCISE OF JURISDICTION IN PERSONAM BY THE COURTS OF THE STATE OF NEW YORK FOR ANY ACTION ARISING OUT OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY. ALL ACTIONS OR PROCEEDINGS WITH RESPECT TO, ARISING DIRECTLY OR INDIRECTLY FROM OR IN CONNECTION WITH, OUT OF, RELATED TO OR FROM THIS AGREEMENT OR THE TRANSACTION DOCUMENTS SHALL BE EXCLUSIVELY LITIGATED IN (I) STATE OF NEW YORK COURTS HAVING SITES IN THE BOROUGH OF MANHATTAN, NEW YORK CITY, NEW YORK, OR (II) THE U.S. FEDERAL DISTRICT COURTS HAVING SITES IN THE SOUTHERN DISTRICT OF NEW YORK.

*See* Exhibit A § 9.11; Exhibit B § 9.11; Exhibit C § 9.11.

## PARTIES

9. Plaintiff TAB is a limited liability company incorporated and existing under the laws of the Kingdom of Bahrain.

10. Plaintiff Abdulla Almoayed is a natural person and a citizen of the Kingdom of Bahrain.

11. Upon information and belief, Defendant SDG is a corporation organized and existing under the laws of the state of Delaware with a principal place of business located at 3991 Macarthur Blvd., Newport Beach, California.

## FACTS

### The June 10, 2019 Agreement

12. On June 10, 2019, SDG and TAB entered into an Agreement whereby TAB

invested $1,500,000 in an energy-sector investment devised, marketed, and managed by SDG.

13. A true and complete copy of the June 10, 2019 Agreement is attached hereto as Exhibit A.

14. Exhibit A to the June 10, 2019 Agreement is a Promissory Note, executed by SDG.

15. The June 10, 2019 Agreement required repayment of the $1,500,000 principal by December 10, 2020.

16. The June 10, 2019 Agreement also required periodic payments of interest at a rate set by SDG. The following amounts, all of which remain outstanding, came due on the following dates under the June 10, 2019 Agreement.

- $25,000 on March 25, 2020
- $25,000 on April 25, 2020
- $100,000 on May 15, 2020
- $25,000 on May 25, 2020
- $100,000 on June 15, 2020
- $25,000 on June 25, 2020
- $100,000 on July 15, 2020
- $25,000 on July 25, 2020
- $100,000 on August 15, 2020
- $25,000 on August 25, 2020
- $100,000 on September 15, 2020
- $25,000 on September 25, 2020
- $100,000 on October 15, 2020
- $25,000 on October 25, 2020

- $100,000 on November 15, 2020

- $25,000 on November 25, 2020

- $100,000 on December 15, 2020

17.     Pursuant to Section 8.1.1 of the June 10, 2019 Agreement, an Event of Default occurred on March 30, 2020, when the March 25, 2020 interest payment was not paid within three business days of its due date.

18.     Pursuant to Section 3.1.2 of the June 10, 2019 Agreement, since March 30, 2020, interest has accrued at the Default Rate, defined in the Agreement, on both the outstanding principal and the past-due interest.

### *The January 24, 2020 Agreement*

19.     On January 24, 2020, SDG and TAB entered into an Agreement whereby TAB invested a further $1,500,000 in an energy-sector investment devised, marketed, and managed by SDG.

20.     A true and complete copy of the January 24, 2020 Agreement is attached hereto as Exhibit B.

21.     Exhibit A to the January 24, 2020 Agreement is a Promissory Note, executed by SDG.

22.     The January 24, 2020 Agreement required repayment of the $1,500,000 principal by December 24, 2020.

23.     The January 24, 2020 Agreement also required periodic payments of interest at a rate set by SDG. The following amounts, all of which remain outstanding, came due on the following dates.

- $105,000 on April 25, 2020

- $105,000 on June 25, 2020
- $105,000 on July 25, 2020
- $105,000 on August 25, 2020
- $105,000 on September 25, 2020
- $105,000 on October 25, 2020
- $105,000 on November 25, 2020

24. Pursuant to Section 8.1.1 of the January 24, 2020 Agreement, an Event of Default occurred on April 30, 2020, when the April 25, 2020 interest payment was not paid within three business days of its due date.

25. Pursuant to Section 3.1.2 of the January 24, 2020 Agreement, since April 30, 2020, interest has accrued at the Default Rate, defined in the Agreement, on both the outstanding principal and the past-due interest.

### The February 4, 2020 Agreement

26. On February 4, 2020, SDG and Almoayed entered into an Agreement whereby Almoayed invested $400,000 in an energy-sector investment devised, marketed, and managed by SDG.

27. A true and complete copy of the February 4, 2020 Agreement is attached hereto as Exhibit C.

28. Exhibit A to the February 4, 2020 Agreement is a Promissory Note, executed by SDG.

29. The February 4, 2020 Agreement required repayment of the $1,500,000 principal by December 15, 2020.

30. The February 4, 2020 Agreement also required periodic payments of interest at a

rate set by SDG. The following amounts, all of which remain outstanding, came due on the following dates.

- $48,000 on April 25, 2020
- $48,000 on June 25, 2020
- $48,000 on July 25, 2020
- $48,000 on August 25, 2020
- $48,000 on September 25, 2020
- $48,000 on October 25, 2020
- $48,000 on November 25, 2020

31. Pursuant to Section 8.1.1 of the February 4, 2020 Agreement, an Event of Default occurred on April 30, 2020, when the April 25, 2020 interest payment was not paid within three business days of its due date.

32. Pursuant to Section 3.1.2 of the February 4, 2020 Agreement, since April 30, 2020, interest has accrued at the Default Rate, defined in the Agreement, on both the outstanding principal and the past-due interest.

33. On December 20, 2020, SDG made a lump-sum payment of $200,000 to TAB, without specifying which Agreement the money was intended to apply to.

34. On March 5, 2021, Fleet Fuelz LLC, on behalf of SDG, made a lump-sum payment of $200,000 to TAB, without specifying which Agreement the money was intended to apply to.

35. Aside from the payments identified in the two preceding paragraphs, SDG has not made any payments on the past-due amounts.

36. SDG has never disputed that it owes money to Plaintiffs under the Agreements or that it has kept or otherwise used for its own benefit the principal payment that it owes Plaintiffs.

## COUNT I
*Breach of Contract*

37. Plaintiffs repeats and incorporates herein each and every allegation set forth in the preceding paragraphs of this Complaint.

38. The parties entered into valid, binding Agreements in which Plaintiffs agreed to invest money in SDG in return for a promise to re-pay the investment with interest.

39. Plaintiffs have complied with all of their obligations under the parties' agreements.

40. By its actions, as set forth above, SDG is in material breach of the parties' Agreements by failing to pay Plaintiffs as required by the Agreements.

41. As a result of SDG's material breaches of the parties' Agreements, Plaintiffs have sustained substantial damage, in an amount to be proven at trial.

## COUNT II
*Unjust Enrichment (in the alternative)*

42. Plaintiffs repeats and incorporates herein each and every allegation set forth in the preceding paragraphs of this Complaint.

43. SDG has been unjustly enriched by its unlawful conduct at the expense of Plaintiffs.

44. Each Plaintiff has invested funds with SDG, pursuant to the Agreements, which SDG has retained.

45. It is against equity and good conscience to permit SDG to retain those funds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against SDG as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For prejudgment interest on its damages;

3. For a declaratory judgment that SDG has violated its obligations under its Agreements with Plaintiffs;

4. For attorney's fees and other costs of collection, as provided in each of the Promissory Notes;

5. For all such other and further relief as the Court may deem proper.

DATED: March 8, 2021

**MAYER BROWN LLP**

By: */s/ Christopher J. Houpt*
Christopher J. Houpt
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
choupt@mayerbrown.com